Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6756 | **DATE** | 1/10/2003 |
| **CASE TITLE** | PEASE et al vs. PRODUCTION WORKERS UNION LOCAL 707 et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, defendants' motion to dismiss is granted in part and denied in part. Plaintiffs are given to January 21, 2003 to file and serve an amended complaint. Defendants are ordered to file their answer to the amended complaint by February 5, 2003. The parties are to conduct an FRCP 26(f) conference and file a form 35 by February 11, 2003. Status hearing is set for February 13, 2003 at 9:00 am. All lead counsel are directed to appear on February 13, 2003 at 9:00 am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JAN 13 2003 date docketed | |
| | Notified counsel by telephone. | | 17 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 1/10/2003 | |
| JS | courtroom deputy's initials | date mailed notice JS | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Christopher Pease, Vince Viti, )
Willard Berge, and Mike Gear )
)
    Plaintiffs, )
)
v. ) No. 02 C 6756
)
Production Workers Union of Chicago )
and Vicinity Local 707, Randall Industries, Inc., )
and Randall Rents of Indiana )
)
    Defendants. )
)

**DOCKETED**

**JAN 1 3 2003**

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On September 20, 2002, plaintiffs Christopher Pease ("Pease"), Vince Viti ("Viti"), Willard Berge ("Berge"), and Mike Gear ("Gear") filed a four-count complaint against Production Workers Union of Chicago and Vicinity Local 707 ("Local 707"), Randall Industries, Inc., and Randall Rents of Indiana (collectively "Randall") alleging violations of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Randall, on November 25, 2002, moved this court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss plaintiffs' complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. On December 10, 2002, this court granted Local 707's motion to adopt Randall's motion to dismiss (collectively "defendants' motion"). For the following reasons, defendants' motion is granted in part and denied in part.

1

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), this court can dismiss a case over which it does not have subject matter jurisdiction. In determining whether this court has subject matter jurisdiction, this court is not required to accept plaintiffs' allegations as true. A "district court ha[s] not only the right, but the duty to look beyond the allegations of the complaint to determine that it ha[s] jurisdiction . . . ." Hay v. Indiana State Bd. of Tax Comm'rs, 312 F.3d 876, 879 (7th Cir. 2002).

Rule 12(b)(6) allows this court to dismiss a complaint that fails to state a claim upon which relief can be granted. Unlike a Rule 12(b)(1) motion, in considering the merits of a motion made pursuant to Rule 12(b)(6), the well-pled allegations of the complaint must be accepted as true. Thompson v. Illinois Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002). In addition, all ambiguities will be construed in favor of the non-moving party. Id. A court generally should only dismiss a complaint where it is clear that no relief could be granted consistent with the allegations. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The Rules do not require a plaintiff to plead any facts in order to survive a 12(b)(6) motion to dismiss; a plaintiff may plead conclusions. See McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000). In deciding a Rule 12(b)(6) motion to dismiss, this court must ask whether relief is possible under any set of facts that could be established consistent with the allegations in the complaint. See Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1077-78 (7th Cir. 1992).

ANALYSIS

Plaintiffs' complaint is by no means a model of clarity. This court has struggled to try to discern exactly what claims plaintiffs assert. Contrary to appropriate practice, the complaint is organized by plaintiff into four counts, with multiple claims against defendants in each count. See FED. R. CIV. P. 10(b); Selep v. City of Chicago, 842 F. Supp 1068, 1070 (N.D. Ill. 1993) (noting that multiple claims in a single count is not condoned).

I.  12(b)(1) Lack of Subject Matter Jurisdiction

Initially, this court must determine if it has subject matter jurisdiction over plaintiffs' claims. Section 8(a)(1), 29 U.S.C. § 158(a)(1), of the National Labor Relations Act ("NLRA") prohibits an employer from interfering with, restraining, or coercing employees in the exercise of their NLRA-rights. The Act also prohibits an employer from interfering with the formation of any labor organization, 29 U.S.C. § 158(a)(2), and discriminating "in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization." 29 U.S.C. § 158(a)(3). The Supreme Court has made clear that "[w]hen an activity is arguably subject to § 7 or § 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board . . . ." San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 245 (1959). "[A]s a general rule, neither state nor federal courts have jurisdiction over suits directly involving 'activity (which) is arguably subject to § 7 or § 8 of the Act.'" Vaca v. Sipes, 386 U.S. 171, 179 (1967). However, where the collective bargaining agreement ("CBA") contains grievance and arbitration provisions, such as Article X of the Randall-Local 707 agreement, "[i]f an employee is discharged without cause in violation of such an agreement, that the employer's conduct may be an unfair labor practice does not preclude a suit by

3

the union against the employer to compel arbitration of the employee's grievance, the adjudication of the claim by the arbitrator, or a suit to enforce the resulting arbitration award." Id. at 184. The Court has cautioned, though, that "[e]mployees, of course, may not circumvent the primary jurisdiction of the NLRB simply by casting statutory claims as violations of the union's duty of fair representation" or an employer's breach of contract. Communications Workers of Am. v. Beck, 487 U.S. 735, 743 (1988). In Marquez v. Screen Actors Guild, Inc., 525 U.S. 33 (1998), the Court held that the primary jurisdiction of the National Labor Relations Board ("NLRB") ousted the federal courts of jurisdiction to consider a claim, brought as an action for breach of duty of fair representation, that a 30-day grace period contained in a collective bargaining agreement was unlawful. The Court found that the claim was simply an assertion that the challenged provision violation Section 8(a)(3) of the Act, which only the NLRB should consider. See id. at 49-52.

Paragraph 21 of plaintiffs' complaint alleges that defendants "conspired to rid the company of Local 150 supporters." To the extent this allegation refers to any or all of the plaintiffs, like Marquez, it is clearly an unfair labor practice allegation and thus within the exclusive jurisdiction of the NLRB. Plaintiffs do not allege that Pease or any other plaintiff was laid off or terminated, in violation of the CBA, as a result of this conspiracy. As such, because it contains no allegation of a breach of contract with respect to the conspiracy, paragraph 21 is dismissed with prejudice.

Defendants assert that paragraphs 12, 13, 20, 25, 29, 33, and 38 of the complaint must be dismissed for lack of jurisdiction. Although defendants advance a strong argument, this court finds that plaintiffs have sufficiently alleged a § 301 violation over which this court has jurisdiction. These paragraphs allege that Pease, Viti, and Berge were terminated in retaliation for their support of a rival union. Although such retaliation is prohibited by the NLRA and thus arguably Garmon-

preempted, plaintiffs have alleged that these terminations breached Randall's labor agreement with Local 707. (Compl. ¶¶ 13, 20, 29, 38.) Plaintiffs allege that Randall violated Article XV of the CBA, which obligates Randall to comply with all federal and state employment laws. Plaintiffs have thus alleged a breach of the contract even though Randall's conduct "may be an unfair labor practice." Vaca, 386 U.S. at 184. Therefore, with respect to these paragraphs, defendants' motion is denied.[1]

II.     12(b)(6) Failure to State a Claim

   A.     Pease

With respect to Pease, defendants argue that he fails to state a claim because an arbitrator has already determined that there was no breach of contract. Defendants assert that Pease has failed to allege any basis to vacate the arbitrator's award. Defendants may ultimately prevail on this point at the summary judgment stage, but at this point in the proceedings, documents that a defendant attaches to a motion to dismiss, like the arbitrator's decision, may be considered only if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1998). Thus, this court cannot consider currently the documents that

---

[1] Article X of the CBA provides a grievance-arbitration procedure as the means to address alleged breaches of the CBA. However, an employee may seek judicial enforcement of his or her contractual rights when, as here, "the union has sole power under the contract to invoke the higher stages of the grievance procedure, and if, as is alleged here [in ¶¶ 22, 30, 39 of plaintiffs' complaint], the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's wrongful refusal to process the grievance." Vaca, 386 U.S. at 185. Thus, a "wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance. Id. at 186. As detailed below, plaintiffs so allege that Local 707 breached its duty of fair representation.

5

defendants attached to their motion to dismiss.[2] Further, Pease has sufficiently alleged breaches of Article XII, relating to dismissal, and Article XIII, regarding seniority and bids. (Compl. ¶ 13.) Finally, plaintiffs allege that Randall violated its CBA with Local 707 "in the numerous other regards included in Mr. Pease's grievances." (Compl. ¶ 20.) This court finds that this allegation fails to meet the pleading requirements of Rule 8. Rule 8(a) of the Federal Rules of Civil Procedure states that a complaint must identify the basis of jurisdiction and contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Bartholet, 953 F.2d at 1077-78 (7th Cir. 1992). Complaints can be "short and simple, giving the adversary notice while leaving the rest to further documents." Id. at 1078. Here, however, Pease's allegation is nebulous at best and fails to give Randall notice of how it allegedly breached the CBA. As such, this portion of paragraph 20 is dismissed without prejudice. Plaintiffs are given until January 21, 2003, to file and serve an amended complaint setting forth with the requisite notice required under the Rules the "numerous other regards."

B. Viti

With respect to Viti, to the extent he claims that Randall or Local 707 violated the CBA by not filing or allowing a grievance on his behalf, such claims are dismissed with prejudice. Article II, Section 5 of the CBA states that "[a] new employee shall be on probation for the first ninety (90) days of employment. During that time, his discharge shall not be subject to the grievance procedure,

---

[2] Although ¶ 16 of the complaint does reference an arbitrator's decision, this paragraph appears to relate to the defendants' alleged misconduct at the arbitration hearing, not the merits of what the arbitrator decided. To the extent Pease alleges breach of contract, the arbitrator's decision may be relevant and admissible at summary judgment. However, this court can, and has, considered the "Labor Contract & Working Agreement" attached as Exhibit A.1 to Randall's motion to dismiss and to Local 707's reply. See Rosenblum v. Travelbyus.com Ltd., 299 F.3d 657, 661 (7th Cir. 2002).

Article X." The complaint states that Viti was hired in December 2001 and fired on or about February 22, 2002. (Compl. ¶¶ 24, 25.) Taking such allegations as true, as this court must at this stage, Viti was still a probationary employee, with no grievance or arbitration rights, at the time of his discharge. Thus, claims in count II remain to the extent that Randall breached the CBA by terminating Viti in retaliation for his support of Local 150 (Compl. ¶¶ 25, 29) and, as explained below, that Local 707 breached its duty of fair representation by failing to enforce the CBA to protect Viti's rights (Compl. ¶ 30).[3] However, any allegation in paragraph 30 that Local 707 failed to present or pursue grievances pursuant to Article X of the CBA on Viti's behalf is dismissed with prejudice. Plaintiffs are correct that Local 707 has a duty of fair representation to probationary employees; however, because Viti was a probationary employee with no grievance or arbitration rights under the CBA, Local 707 had no duty to present or pursue Viti's grievance through the grievance procedure set forth in Article X.

C. Berge

As discussed above, Berge's claims of retaliation against Randall (Compl. ¶¶ 33, 38) and, as detailed below, breach of duty of fair representation against Local 707 (Compl. ¶ 39) are cognizable. Berge further alleges that Randall failed to pay him the contractually-guaranteed thirty-two hours per week of work.[4] (Compl. ¶ 34.) Randall attaches to its motion to dismiss affidavits

---

[3] Although he was not entitled to the grievance procedure, all other contractual provisions were applicable to Viti, including Article XV, which requires compliance with federal and state laws. Article II, Section 5 states: "The [probationary] employee shall be entitled to receive all the wages, benefits and conditions of employment set forth in this Agreement during his probation period."

[4] Berge also asserts general, vague allegations that he filed grievances relating to his layoff/termination, his availability for that position, cutting of hours, and violations of a severance fund. (Compl. ¶ 34.) It is not clear whether Berge is alleging that these actions were

7

and other evidence to rebut Berge's claims. Again, however, this court cannot consider this evidence in deciding this motion to dismiss. Such evidence may be considered if presented in conjunction with a motion for summary judgment, but not now. Therefore, defendants' motion with respect to Berge is granted in part and denied in part.

D. Gear

Similarly, Gear alleges that Randall violated the CBA by failing to pay him for thirty-two hours a week of work. (Compl. ¶ 48.). Randall disputes this allegation with affidavits and other evidence. This court may consider this evidence at summary judgment, not with this motion to dismiss. As explained below, Gear's claims against Local 707 also remain. Thus, defendants' motion to dismiss with respect to Gear is denied.

E. Claims Against Local 707

As to Local 707, plaintiffs have sufficiently alleged a claim for breach of the duty of fair representation. The Supreme Court has held that a union, as the exclusive representative of employees in a bargaining unit, has a duty to represent all members fairly. See Marquez, 525 U.S. at 44. "[A] union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." Id. "[U]nder the 'arbitrary' prong, a union's actions breach the duty of fair representation 'only if [the union's conduct] can be fairly characterized as so far outside a 'wide range of reasonableness' that it is wholly 'irrational' or 'arbitrary.'" Id. at 45. Here, plaintiffs allege that Local 707 failed to represent plaintiffs "in bad faith, arbitrarily, and to discriminate." (Compl. ¶¶ 22, 30, 39, 49.) Under federal notice pleading

---

in breach of the CBA. As such, he has failed to state a claim under § 301 of the LMRA. These four "allegations" are dismissed without prejudice. Plaintiffs are given until January 21, 2003, to file and serve an amended complaint.

8

requirements, such allegations are sufficient to overcome a motion to dismiss.[5] Moreover, with respect to Pease, plaintiffs make further allegations which if substantiated could constitute a breach of the duty of fair representation.[6] (Compl ¶ 16.) Accordingly, except to the extent discussed above, Local 707's motion to dismiss is denied.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss is granted in part and denied in part. Plaintiffs are given until January 21, 2003, to file and serve an amended complaint. Defendants are ordered to file an answer to plaintiffs' complaint or amended complaint on or before February 5, 2003. Counsel are to confer pursuant to Rule 26(f) and file a jointly completed Form 35 signed by counsel for each party on or before February 11, 2003. This case is set for a report on status and the entry of a scheduling order at 9:00 a.m. on February 13, 2003. The parties are strongly urged to discuss settlement.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
United States District Judge

DATE: January 10, 2003

---

[5] Many of the arguments that Local 707 makes may be appropriate at summary judgment; however, at the motion to dismiss stage, they are not relevant. See Local 707 Reply at 9-11.

[6] Again, Local 707's arguments at page 10 of its reply may be appropriate in conjunction with a motion for summary judgment but not at this point in the litigation.

9